# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0117, <u>Lancelot Court Condominium Association v. Judith Tompson</u>, the court on September 28, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Judith Tompson, appeals orders of the Superior Court (<u>Anderson</u>, J.), denying her "Motion Pleading Legal Title to Real Property" and "Motion Responding to Sheriff Sale and Plaintiff's Rent Demand" in an action by the plaintiff, Lancelot Court Condominium Association (association), to collect unpaid condominium assessments.  Her brief sets forth 21 questions presented, which we construe to include that:  (1) she did not receive notice of the sheriff's sale of the condominium, <u>see</u> RSA 529:20 (2007); (2) the certificate of service was improper because it was signed by a sergeant rather than by the deputy sheriff who was represented as having served the notice; (3) she did not receive statutorily required notice of her homestead rights, <u>see</u> RSA 529:20-a (Supp. 2016); (4) the amendment to RSA 480:4 (Supp. 2016) effective January 1, 2015, exempting the enforcement of unpaid condominium assessments from homestead rights, could not be applied "retroactively" to her homestead interest and violates equal protection; (5) federal law governing homestead rights supersedes RSA 480:4, IV and vests jurisdiction solely in the federal courts; (6) the association's liens on her condominium were unperfected and showed "malice"; and (7) the association sought to "improperly 'silence'" her by moving to bring forward the trial court's previous order that she "cease filing motions on issues that are not before the court or involve factual disputes that will be resolved by the jury" and that the order was "prejudicial and biased."

We note that the defendant acknowledges that, after the sheriff's deed was recorded, "the bank chose to foreclose."  The association represents that "the foreclosure takes priority over any claim [it has] to an interest in title arising out of the Sheriff's sale."

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court.  <u>Id</u>.; <u>see</u> Sup. Ct. R. 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling).

In this case, the trial court denied the defendant's motions "for the reasons stated by Plaintiff." However, the defendant has not supplied any record reflecting those reasons, such as a transcript of any hearing that might have taken place or the plaintiff's pleadings. Thus, we are unable to review the trial court's decision. Nor has the defendant supplied the mortgage or other documents relating to the foreclosure. Accordingly, we assume that the evidence was sufficient to support the result reached by the trial court. See Bean, 151 N.H. at 250. We review its order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none. These rules are not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006).

To the extent that the defendant's brief raises additional arguments not listed above, they either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

In light of this conclusion, the association's motion to dismiss the defendant's appeal is moot.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**